IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AUDRAY JOHNSON**                                                                              **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 3:15-CV-761-HTW-LRA**

**HINDS BEHAVIORAL HEALTH AND**
**DR. FAWAZ ABDRABBO, M.D.**                                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 23, 2015, Audray Johnson [Plaintiff] filed a Complaint [1] in this Court charging Defendants with medical malpractice in the monitoring of his "psychotic drugs." According to Plaintiff, the Defendants violated his civil rights as protected by 42 U.S.C. §1983 and the Public Service Act of 1944. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [2], requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915. This Court has previously denied Plaintiff's request to proceed without paying costs in earlier cases, namely *Johnson v. Patty Peck Honda and Santander Consumer, USA,* 3:14cv635-HTW-LRA, and *Johnson v. Springleaf Financial,* 3:12cv294-HTW-LRA. He was granted to right to proceed *in forma pauperis* in the case of *Johnson v. Patty Heck Honda,* 3:15cv223-DPJ-FKP.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff, who has a college education, owns a home valued at $80,000 and a 2010 Ford Explorer and a 2000 Ford Explorer. He has part-time

employment with the Jackson Public Schools [JPS] with an income of approximately $500-$800 per month; he also receives $1100 per month in disability income. His wife receives $650 per month in disability income. His monthly expenses are $2458, and his wife's expenses are $361 per month. He receives $300 per month in gifts and claims to have a negative balance in his checking account of $1,035.00. Plaintiff and his wife support a 21 year old daughter and two grandchildren.

Plaintiff is disabled. However, he and his wife have regular monthly disability payments in the combined amount of $1,750, as well as his additional $500-800 per month in income from JPS. This amount is nearly as much as the family's living expenses of $2458.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that he receives a regular monthly disability payment, plus income from his job at JPS, and owns a home and two vehicles, the undersigned finds that he could pay filing costs without undue financial hardship if given 60 days to pay the filing fees. He will not be rendered destitute by paying the filing fees in 60 days, as he and his family do have a place to reside, motor vehicles, and a monthly income.

Because he will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff should be given 60 days to pay the filing fees in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before **February 1, 2016.** If Plaintiff does not object to this recommendation, but does not pay the filing fees by February 1, 2016, this case should be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **February 1, 2016,** unless he appeals this recommendation to the district judge**.  He is advised that his Complaint will be dismissed without prejudice after February 1, 2016, without further notice, if the filing fees are not paid.**

THIS the 1st day of December 2015.

>    /s/ Linda R. Anderson
>    UNITED STATES MAGISTRATE JUDGE